IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID JENSEN and KIMBERLY JENSEN, <br><br> Plaintiffs, <br><br> v. <br><br> TAYLOR COMPANY, MIDDLEBY CORPORATION, and RSM ACQUISITION, LLC, d/b/a RSM SERVICE GROUP, <br><br> Defendants, <br><br> v. <br><br> Tri-City Foods, <br><br> Defendant. | **COMPLAINT AND JURY DEMAND** |

COMES NOW Plaintiffs, David Jensen ("Jensen"), for his Complaint against Defendants Taylor Company, Middleby Corporation and RSM Acquisition, LLC ("RSM") and states and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This is an action based on product liability under Neb. Rev. Stat. §§ 25-21,180 et. seq.

2. Plaintiffs, David Jensen and Kimberly Jensen reside in Tucson, Arizona.

3. Taylor Company was purchased by the Middleby Corporation in 2018 (collectively referred to as "Manufacturer"). In doing so the Middleby Corporation assumed all of Taylor Company's assets and liabilities. Middleby Corporation is and was at all times

relevant hereto, a Delaware domestic Limited Liability Company with its principal office in Wilmington, Delaware.

4. RSM is and was at all times relevant hereto, a Nebraska domestic Limited Liability Company with its principal office in Omaha, Nebraska.

5. Tri-City Foods is named in this lawsuit as mandated by Neb. Rev. Stat. § 48-118 and may be entitled to a portion of any recovery herein, as they paid workers compensation benefits to Jensen and on Jensen's behalf.

6. Jurisdiction is proper under Neb. Rev. Stat. § 25-536 and 28 U.S.C. § 1332 as the parties are citizens of different states and there is more than $75,000 in controversy. This court has personal jurisdiction over Defendants as the claims arise out of and/or relate to Defendants activities in the state of Nebraska including selling and distributing its products.

7. Venue is proper under Neb. Rev. Stat. § 25-403.01 and 28 U.S. Code § 1391 as the injuries and damages to Jensen arose from an incident and actions by defendants that occurred in Omaha, Douglas County, Nebraska on September 21, 2016.

## ALLEGATIONS

8. At all times relevant, Manufacturer was, and still is, a production company involved in developing, designing, manufacturing, preparing, packaging, merchandising, advertising, promoting, marketing, distributing, and selling commercial food services products, including Model #632-33, Serial # 58125068 ("shake machine").

9. At all times relevant, Manufacturer sold, distributed, or otherwise placed into the stream of commerce shake machines manufactured by Manufacturer and Manufacturer has a distributor assigned to companies in the state of Nebraska that buy their products.

10. Manufacturer, through its course of conduct involving shake machines, caused tortious injury by act or omission in the state of Nebraska.

11. At all times relevant, RSM was, and still is a restaurant equipment maintenance business which provides services on numerous pieces of restaurant equipment including but not limited to the shake machine.

12. RSM made repairs to the shake machine on September 21, 2016, completing its work at approximately 5:15 p.m.  RSM was contacted to work on the machine when several employees reported being shocked by the machine. RSM indicated that the machine was in working order.

13. On September 21, 2016, at approximately 7:15 p.m. Jensen was electrocuted by the shake machine in the course and scope of his employment with Tri-City Foods while operating it as intended, recommended, and for its particular purpose.

14. At all times relevant, the shake machine was within the useful lifespan recommended by Manufacturer.

15. As a result of the electrocution, Jensen sustained injuries to his neck, back, head, brain, eyes/vision, right upper extremity, left upper extremity, and other injuries to his body as a whole, including cognitive and psychological injuries including but not limited to suffering and emotional distress.

**FIRST CLAIM FOR RELIEF**
**PRODUCTS LIABILITY – MANUFACTURING DEFECT**

16. Jensen hereby incorporates paragraphs 1-15 of his Complaint by this reference.

17. Manufacturer manufactured and placed the shake machine used by Jensen in the 2016 accident on the market and into the stream of commerce including in the State of Nebraska by and through its specific distributors assigned to Nebraska.

18. Manufacturer expected or intended the shake machine in question to reach businesses and be used by individuals such as Jensen in the condition in which the shake machines were distributed.

19. Manufacturer knew, or in the exercise of reasonable care should have known, that the shake machine in question would be used by individuals such as Jensen without inspection for defects, including but not limited to internal patent design or manufacturing defects.

20. The shake machine used by Jensen was used in the way and for the general purposes for which it was intended.

21. The shake machine used by Jensen contained one or more manufacturing defects when it was placed on the market and left Manufacturer's possession.

22. The shake machine used by Jensen differed from Manufacturer's plans, specifications, and intended results.

23. One or more of the manufacturing defects in the shake machine used by Jensen rendered the machine unreasonably dangerous and unsafe for its intended use.

24. One or more of the manufacturing defects in the shake machine used by Jensen were a direct and proximate result of injuries sustained by Jensen when he used the shake machine in the way and for the general purpose for which it was intended.

25. As a proximate result of the manufacturing defect in Manufacturer's shake machine, Jensen has suffered at least the following damages:

    a. Past and future wage loss and loss of earning capacity;

    b. Past and future medical expenses;

    c. Past and future pain and suffering;

    d. Past and future loss of enjoyment of life;

    e. Permanent physical damages, including, but not limited to:

        i. Loss of cognitive abilities;

        ii. Psychological injuries;

        iii. Permanent impairment of health; and

    f. Fear, emotional distress, and mental anguish.

## SECOND CLAIM FOR RELIEF
## PRODUCTS LIABILITY – DESIGN DEFECT

26. Jensen hereby incorporates paragraphs 1-25 of his Complaint by this reference.

27. Manufacturer designed and placed the shake machine onto the market and into the stream of commerce.

28. Manufacturer expected or intended the shake machine in question to reach businesses and be used by individuals such as Jensen in the condition in which the shake machines were distributed.

29. Manufacturer knew, or in the exercise of reasonable care should have known, that the shake machine in question would be used by individuals such as Jensen without inspection for defects.

30. The shake machine used by Jensen contained one or more design defects when it was placed on the market and left Manufacturer's possession.

31. Jensen did not contemplate or expect that use of the shake machine designed and sold by Manufacturer would cause the type of physical harm suffered by Jensen.

32. The defective shake machine used by Jensen failed to perform as safely as an ordinary consumer would expect when it was used in the manner intended by Manufacturer or reasonably foreseeable by Manufacturer.

33. One or more of the design defects rendered the shake machine used by Jensen unreasonably dangerous and unsafe for its intended use.

34. The benefits of Manufacturer's design of the shake machine did not, and do not, outweigh the risk of danger.

35. Designing the shake machine to prevent electrocution and or the electrical grounding components from malfunctioning is a practical way, or feasible alternative to make the product safer.

36. One or more of the design defects in the shake machine used by Jensen were a direct and proximate cause of Jensen's injury sustained September 21, 2016, when the shake machine was used in the way and for the general purpose for which it was intended.

37. As a proximate result of the design defect in Manufacturer's shake machine, Jensen has suffered the damages contained in paragraph 25.

## THIRD CLAIM
## BREACH OF WARRANTY OF MERCHANTABILITY

38. Jensen hereby incorporates paragraphs 1-37 of his Complaint by this reference.

39. Manufacturer sold the shake machine which is at issue.

40. At the time of sale, Manufacturer was, and still is, a merchant with respect to shake machines of that kind.

41. At the time the shake machine was delivered by Manufacturer, it was not merchantable, or fit for the ordinary purposes for which such shake machines are used, as its electrical

components and safety grounding components were improperly installed or in otherwise defective condition.

42. The breach of this warranty was a direct and proximate cause of the damage suffered by Jensen.

43. The damages suffered by Jensen are contained in paragraph 25.

## FOURTH CLAIM
## FAILURE TO WARN

44. Jensen hereby incorporates paragraphs 1-43 of his Complaint by this reference.

45. Manufacturer sold the shake machine which is at issue.

46. The shake machine had potential risk of electrocuting or shocking users and Manufacturer's knowledge that was generally accepted in the industry at the time of the sale.

47. The potential risk presented an unreasonable danger to users when the product is used in the way it was intended or expected to be used.

48. Ordinary customers would not have recognized the potential risk.

49. Manufacturer failed to warn Jensen of the potential risk of electrocution, shock, or otherwise malfunctioning.

50. Failure to warn Jensen was a direct and proximate cause of Jensen's injury.

51. The damages that Jensen has suffered are contained in paragraph 25.

## FIFTH CLAIM
## NEGLIGENCE

52. Jensen hereby incorporates paragraphs 1-51 of his Complaint by this reference.

53. At all times relevant, Manufacturer was under a duty to exercise reasonable care in researching, developing, formulating, designing, manufacturing, preparing, analyzing,

testing, labeling, merchandising, advertising, promoting, marketing, distributing, and selling shake machines for distribution, sale, and use by ordinary consumers and to ensure that use of shake machines did not result in avoidable injuries.

54. Manufacturer, including its agents, servants, and/or employees acting within the course and scope of their employment, breached its duty to exercise reasonable care and was negligent in one or more of the following ways:

    a. Failing to properly design shake machines;

    b. Failing to properly inspect or test shake machines after manufacture to discover potentially dangerous defects;

    c. Failing to have in place proper quality control policies and procedures; and

    d. Failing to use reasonable care to see that the shake machines were safe for the use for which they are made, supplied, sold, or distributed.

55. Manufacturer's negligence was a proximate cause of damages and injury to Jensen after a shake machine manufactured, sold, or distributed by Manufacturer was used by Jensen on September 21, 2016.

56. As a proximate result of Manufacturer's negligence, Jensen, a reasonably foreseeable user of the shake machine, is suffering or has suffered the damages contained in paragraph 25.

## SIXTH CLAIM
## FAILURE TO WARN

57. Jensen hereby incorporates paragraphs 1-56 of his Complaint by this reference.

58. RSM repaired the shake machine which is at issue.

59. The shake machine needed the electrical board replaced and had potential risk to injure a person using the machine.

60. The potential risk presented an unreasonable danger to users when the product is used in the way it was intended or expected to be used.

61. Ordinary customers would not have recognized the potential risk.

62. RSM failed to warn Jensen of the potential risk of electrocution while using the shake machine or otherwise malfunctioning.

63. Failure to warn Jensen was a direct and proximate cause of Jensen's injury.

64. The damages that Jensen has suffered are contained in paragraph 25.

## SEVENTH CLAIM
## NEGLIGENCE

65. Jensen hereby incorporates paragraphs 1-64 of his Complaint by this reference.

66. At all times relevant, RSM was under a duty to exercise reasonable care when repairing the shake machine to ensure that use of the shake machine did not result in avoidable injuries.

67. RSM, including its agents, servants, and/or employees acting within the course and scope of their employment, breached its duty to exercise reasonable care and was negligent in one or more of the following ways:

    a. Failing to properly repair the shake machine;

    b. Failing to properly inspect or test the shake machine after repair to discover potentially dangerous defects;

    c. Failing to remove the shake machine from service so as to avoid injury to its users;

    d. Failing to warn or inform users of the shake machine that it was in defective or hazardous condition;

    e.    Representing to users of the shake machine that RSM had repaired the shake machine and that it was safe to use;

    f.    Failing to have in place proper quality control policies and procedures; and

    g.    Failing to use reasonable care to see that the shake machine was safe for the use after repair

68. RSM's negligence was a proximate cause of damages and injury to Jensen after a shake machine repaired by RSM was used by Jensen on September 21, 2016.

69. As a proximate result of RSM's negligence, Jensen, a reasonably foreseeable user of the shake machine, is suffering or has suffered the damages contained in paragraph 25.

## EIGHTH CLAIM
## LOSS OF CONSORTIUM

70. Plaintiffs hereby incorporate the allegations contained in paragraphs 1-69 herein, by reference.

71. As a result of the negligence and conduct of the Defendants alleged above, Plaintiff, Kimberly Jensen, has sustained and will continue to sustain loss of society and companionship from her husband, David Jensen.

WHEREFORE, Plaintiffs pray for judgment in their favor on this cause of action against Taylor Company, Middleby Corporation and RSM Acquisitions, for general and specific damages in an amount to be proven at trial, costs of this suit, and any other relief deemed appropriate by this Court.

## JURY DEMAND

Jensen demands a trial by jury in Lincoln, Nebraska.

Dated this 18th day of September, 2020.

                              DAVID JENSEN, Plaintiff

             By:   ATWOOD, HOLSTEN, BROWN, DEAVER & SPIER, LAW FIRM, P.C., L.L.O.

             By:   */s/Corey L. Stull*
                          Corey L. Stull, #21336
                          Christa Binstock Israel, #24652
                          575 Fallbrook Blvd.
                          Suite #206
                          Lincoln, Nebraska 68521
                          (402)476-4400
                          cstull@atwoodlawyers.com
                          cisrael@atwoodlawyers.com