# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID MR. JENSEN and KIMBERLY MR. JENSEN, | ) ) ) | CASE NO. 4:20-cv-03113 |
| Plaintiffs, | ) ) ) | **ANSWER OF DEFENDANT** |
| vs. | ) ) | **TAYLOR COMPANY** |
| TAYLOR COMPANY, MIDDLEBY CORPORATION, RSM ACQUISITION, LLC d/b/a RSM SERVICE GROUP, and TRI-CITY FOODS, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |

**COMES NOW** Defendant Taylor Company ("Taylor") and for its Answer to Plaintiffs' Second Amended Complaint, states and alleges as follows:

1. In response to paragraph 1 of Plaintiffs' Second Amended Complaint, Taylor admits that Plaintiffs' lawsuit is premised upon a theory of product liability.

2. Taylor denies paragraph 2 of Plaintiffs' Second Amended Complaint for lack of information.

3. Taylor admits that on September 21, 2016, Taylor was owned by United Technologies Company, that its principal place of business is in Illinois, and that Taylor's products are used in Nebraska. Taylor denies the remainder of paragraph 3 of Plaintiffs' Second Amended Complaint.

4. Taylor admits that in 2018 it was acquired by Defendant Middleby Corporation ("Middleby") from United Technologies Company and admits that Middleby is incorporated in Delaware, but Taylor denies the remainder of paragraph 4 of Plaintiffs' Second Amended Complaint.

5. Paragraph 5 of Plaintiffs' Second Amended Complaint is directed at a dismissed party and no response is therefore required from Taylor. Insofar as paragraph 5 of Plaintiffs' Second Amended Complaint contains any allegations against Taylor, either directly or by implication, those allegations are denied.

6. Paragraph 6 of Plaintiffs' Second Amended Complaint is directed at other parties and no response is therefore required from Taylor. Insofar as paragraph 6 of Plaintiffs' Second Amended Complaint contains any allegations against Taylor, either directly or by implication, those allegations denied.

7. Paragraph 7 of Plaintiffs' Second Amended Complaint is directed at other parties and no response is therefore required from Taylor. Insofar as paragraph 7 of Plaintiffs' Second Amended Complaint contains any allegations against Taylor, either directly or by implication, those allegations are denied.

8. Taylor denies paragraph 8 of Plaintiffs' Second Amended Complaint.

9. Taylor denies paragraph 9 of Plaintiffs' Second Amended Complaint.

10. Taylor admits that it manufactures foodservice equipment, including Combination Freezer Model 632, but Taylor denies the remainder of paragraph 10 of Plaintiffs' Second Amended Complaint.

11. Taylor admits that it sells foodservice equipment through distributors and that such equipment is used in Nebraska but denies the remainder of paragraph 11 of Plaintiffs' Second Amended Complaint.

12. Taylor denies all allegations in paragraph 12 of Plaintiffs' Second Amended Complaint which are directed at Taylor.

13. Paragraph 13 of Plaintiffs' Second Amended Complaint is directed at other parties and no response is therefore required from Taylor. Insofar as paragraph 13 of Plaintiffs' Second Amended Complaint contains any allegations against Taylor, either directly or by implication, those allegations are denied.

14. Taylor denies paragraph 14 of Plaintiffs' Second Amended Complaint for lack of information.

15. Taylor denies paragraph 15 of Plaintiffs' Second Amended Complaint for lack of information.

16. Taylor denies all allegations in paragraph 16 of Plaintiffs' Second Amended Complaint which are directed at Taylor.

17. Taylor denies paragraph 17 of Plaintiffs' Second Amended Complaint.

18. In response to paragraph 18 of Plaintiffs' Second Amended Complaint, Taylor incorporates its responses to paragraphs 1 through 17 of Plaintiffs' Second Amended Complaint as if fully restated herein.

19. Taylor admits that it manufactures foodservice equipment, including Combination Freezer Model 632, that it sells foodservice equipment through distributors, and that such equipment is used in Nebraska, but Taylor denies the remainder of paragraph 19 of Plaintiffs' Second Amended Complaint.

20. Taylor admits that its foodservice equipment, including Combination Freezer Model 632, is used by businesses and individuals but denies all remaining allegations of paragraph 20 of Plaintiffs' Second Amended Complaint which are directed at Taylor.

21. Taylor denies all allegations of paragraph 21 of Plaintiffs' Second Amended Complaint which are directed at Taylor.

22. Taylor denies paragraph 22 of Plaintiffs' Second Amended Complaint for lack of information.

23. Taylor denies paragraph 23 of Plaintiffs' Second Amended Complaint.

24. Taylor denies all allegations of paragraph 24 of Plaintiffs' Second Amended Complaint which are directed at Taylor.

25. Taylor denies paragraph 25 of Plaintiffs' Second Amended Complaint.

26. Taylor denies paragraph 26 of Plaintiffs' Second Amended Complaint.

27. Taylor denies paragraph 27 of Plaintiffs' Second Amended Complaint, including subparagraphs "a" through "f".

28. In response to paragraph 28 of Plaintiffs' Second Amended Complaint, Taylor incorporates its responses to paragraphs 1 through 27 of Plaintiffs' Second Amended Complaint as if fully restated herein.

29. Taylor admits that it manufactured Combination Freezer Model 632 which was sold through distributors, but Taylor denies the remainder of paragraph 29 of Plaintiffs' Second Amended Complaint.

30. Taylor admits that Combination Freezer Model 632 is used by businesses and individuals but denies the remainder of paragraph 30 of Plaintiffs' Second Amended Complaint.

31. Taylor denies paragraph 31 of Plaintiffs' Second Amended Complaint.

32. Taylor denies paragraph 32 of Plaintiffs' Second Amended Complaint.

33. Taylor denies paragraph 33 of Plaintiffs' Second Amended Complaint.

34. Taylor denies paragraph 34 of Plaintiffs' Second Amended Complaint.

35. Taylor denies paragraph 35 of Plaintiffs' Second Amended Complaint.

36. Taylor denies paragraph 36 of Plaintiffs' Second Amended Complaint.

37. Taylor denies any defective design and therefore denies paragraph 37 of Plaintiffs' Second Amended Complaint.

38. Taylor denies paragraph 38 of Plaintiffs' Second Amended Complaint.

39. Taylor denies paragraph 39 of Plaintiffs' Second Amended Complaint.

40. In response to paragraph 40 of Plaintiffs' Second Amended Complaint, Taylor incorporates its responses to paragraphs 1 through 39 of Plaintiffs' Second Amended Complaint as if fully restated herein.

41. In response to paragraph 41 of Plaintiffs' Second Amended Complaint, Taylor admits that it manufactured Combination Freezer Model 632 which was sold through distributors.

42. In response to paragraph 42 of Plaintiffs' Second Amended Complaint, Taylor admits that it manufactures foodservice equipment, including Combination Freezer Model 632.

43. Taylor denies paragraph 43 of Plaintiffs' Second Amended Complaint.

44. Taylor denies paragraph 44 of Plaintiffs' Second Amended Complaint.

45. Taylor denies paragraph 45 of Plaintiffs' Second Amended Complaint.

46. In response to paragraph 46 of Plaintiffs' Second Amended Complaint, Taylor incorporates its responses to paragraphs 1 through 45 of Plaintiffs' Second Amended Complaint as if fully restated herein.

47. In response to paragraph 47 of Plaintiffs' Second Amended Complaint, Taylor admits that it manufactured Combination Freezer Model 632 which was sold through distributors.

48. Taylor denies paragraph 48 of Plaintiffs' Second Amended Complaint.

49. Taylor denies paragraph 49 of Plaintiffs' Second Amended Complaint.

50. Taylor denies paragraph 50 of Plaintiffs' Second Amended Complaint.

51. Taylor denies paragraph 51 of Plaintiffs' Second Amended Complaint.

52. Taylor denies paragraph 52 of Plaintiffs' Second Amended Complaint.

53. Taylor denies paragraph 53 of Plaintiffs' Second Amended Complaint.

54. In response to paragraph 54 of Plaintiffs' Second Amended Complaint, Taylor incorporates its responses to paragraphs 1 through 53 of Plaintiffs' Second Amended Complaint as if fully restated herein.

55. The allegations set forth in paragraph 55 of Plaintiffs' Second Amended Complaint pertain to issues to be determined by the Court as a matter of law and Taylor therefore denies paragraph 55 of Plaintiff's Second Amended Complaint.

56. Taylor denies paragraph 56 of Plaintiffs' Second Amended Complaint, including subparagraphs "a" through "d".

57. Taylor denies paragraph 57 of Plaintiffs' Second Amended Complaint.

58. Taylor denies paragraph 58 of Plaintiffs' Second Amended Complaint.

59. In response to paragraph 59 of Plaintiffs' Second Amended Complaint, Taylor incorporates its responses to paragraphs 1 through 58 of Plaintiffs' Second Amended Complaint as if fully restated herein.

60. Paragraph 60 of Plaintiffs' Second Amended Complaint is directed at other parties and no response is therefore required from Taylor. Insofar as paragraph 60 of Plaintiffs' Second Amended Complaint contains any allegations against Taylor, either directly or by implication, those allegations are denied.

61. Paragraph 61 of Plaintiffs' Second Amended Complaint is directed at other parties and no response is therefore required from Taylor. Insofar as paragraph 61 of Plaintiffs' Second Amended Complaint, including subparagraphs "a" through "g", contains any allegations against Taylor, either directly or by implication, those allegations are denied.

62. Paragraph 62 of Plaintiffs' Second Amended Complaint is directed at other parties and no response is therefore required from Taylor. Insofar as paragraph 62 of Plaintiffs' Second Amended Complaint contains any allegations against Taylor, either directly or by implication, those allegations are denied.

63. Paragraph 63 of Plaintiffs' Second Amended Complaint is directed at other parties and no response is therefore required from Taylor. Insofar as paragraph 63 of Plaintiffs' Second Amended Complaint contains any allegations against Taylor, either directly or by implication, those allegations are denied.

64. In response to paragraph 64 of Plaintiffs' Second Amended Complaint, Taylor incorporates its responses to paragraphs 1 through 63 of Plaintiffs' Second Amended Complaint as if fully restated herein.

65. Taylor denies all allegations of paragraph 65 of Plaintiffs' Second Amended Complaint which are directed at Taylor.

66. Taylor generally denies each and every allegation contained in Plaintiffs' Second Amended Complaint not specifically admitted herein, except those allegations constituting admissions against Plaintiffs.

## AFFIRMATIVE DEFENSES

67. Plaintiffs' Second Amended Complaint fails to state a claim against Taylor upon which relief may be granted.

68. Combination Freezer Model 632, Serial Number K8125068, was manufactured in Illinois on December 22, 2008, sold to initial user Burger King through its distributor Taylor Ultimate on December 30, 2008, and installed at Burger King Store No. 500, 3222 North 90th Street, Omaha, NE 68134 on June 3, 2009. Plaintiffs' lawsuit is barred by the statute of repose set forth in Neb. Rev. Stat. §25-224(2)(ii) and 735 ILCS 5/13-213(b).

69. If Plaintiffs sustained damages as alleged in their Second Amended Complaint, which damages are hereby specifically denied, such damages were caused by the independent acts or omissions of other parties or nonparties over whom Taylor had no control.

70. Taylor reserves the right to raise additional affirmative defenses identified through the course of discovery.

## JURY DEMAND

71. Taylor respectfully demands trial by jury.

WHEREFORE, having fully answered Plaintiffs' Second Amended Complaint, Defendant Taylor Company prays for its dismissal, with prejudice, the recovery of costs expended herein, and such other and relief as the Court deems just and equitable.

DATED this 20th day of January, 2021.

                TAYLOR COMPANY, Defendant,

By:    /s/ Joel E. Feistner
For: LOCHER PAVELKA DOSTAL BRADDY
      & HAMMES, LLC
200 The Omaha Club
2002 Douglas Street
Omaha, NE 68102
Phone: (402) 898-7000
Fax: (402) 898-7130
Joel E. Feistner, #21474
**jfeistner@lpdbhlaw.com**

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

cstull@atwoodlawyers.com
cisrael@atwoodlawyers.com
Corey L. Stull
Christa Binstock Israel
Atwood, Holsten, Brown, Deaver
 & Spier Law Firm, P.C., L.L.O.
575 Fallbrook Blvd. Suite 206
Lincoln, NE 68521
ATTORNEYS FOR PLAINTIFFS

mgibbons@woglaw.com
Michael T. Gibbons, PC, LLO
619 N. 90th Street
Omaha, NE 68114
ATTORNEY FOR DEFENDANT RSM ACQUISITION, LLC

mscahill@ctagd.com
Michael F. Scahill
CASSEM TIERNEY ADAMS
 GOTCH & DOUGLAS
9290 West Dodge Road, Ste. 302
Omaha, NE 68114-3320
ATTORNEY FOR TRI-CITY FOODS, INC.

                          /s/ Joel E. Feistner