IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID JENSEN, and KIMBERLY JENSEN,<br><br>Plaintiffs,<br><br>vs.<br><br>RSM ACQUISITION, LLC, and TRI-CITY FOODS,<br><br>Defendants. | 4:20CV3113<br><br>**MEMORANDUM AND ORDER** |

Defendant RSM Acquisition, LLC d/b/a/ RSM Service Group ("RSM") has filed a motion to compel Plaintiff, David Jensen, to participate in two independent medical examinations pursuant to Rule 35 of the Federal Rules of Civil Procedure and Nebraska Civil Rule 7.1. For the reasons that follow, Defendant's motion will be granted as set forth herein.

## BACKGROUND

Plaintiffs David and Kimberly Jensen filed this case on September 18, 2020, alleging claims for products liability, breach of warrant of merchantability, failure to warn, negligence, and loss of consortium. It is alleged that David Jensen was electrocuted by a commercial shake machine in the course and scope of his employment. The complaint alleges that as a result of this electrocution, David Jensen "sustained injuries to his neck, back, head, brain, eyes/vision, right upper extremity, left upper extremity, and other injuries to his body as a whole, including cognitive and psychological injuries including but not limited to suffering and emotional distress." (Filing No. 1 at CM/ECF p. 3).

The parties requested a discovery dispute conference with the undersigned magistrate judge and a conference was held by telephone on July 29, 2022. The parties discussed their positions regarding the two Rule 35 examinations requested by RSM. RSM proposed a physical examination performed by Chris Cornett, M.D., an orthopedic spine surgeon at University of Nebraska Medical Center in Omaha and neuropsychological testing and examination by Robert Arias, Ph.D., at Arias Neuropsychology & Behavioral Medicine, PC, in Lincoln.

The parties were unable to reach an agreement as to the Rule 35 examinations and a briefing schedule was set for the instant motion to compel, filed by RSM on August 11, 2022.

## ANALYSIS

I. Rule 35 Examination

    A. Good Cause

Defendant RSM requests the court order two Rule 35 independent medical examinations of David Jensen: (1) a physical exam by Dr. Cornett; and (2) a neuropsychological exam by Dr. Arias.

Rule 35 provides:

> (a) Order for an Examination.
>
>> (1) In General. The court where the action is pending may order a party whose mental or physical condition- including blood group-is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.
>>
>> (2) Motion and Notice; Contents of the Order. The order:

> (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and
>
> (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35.

"A plaintiff ... who asserts mental or physical injury ... places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." Sampson v. Schenk, No. 8:07CV155, 2013 WL 352991, at *2 (D. Neb. Jan. 29, 2013), citing Schlagenhauf v. Holder, 379 U.S. 104, 119, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). This showing can be made "by affidavits or other usual methods," and in some circumstances, the pleadings alone will be sufficient to establish the requirements are met. York v. Union Pac. R. Co., No. 8:08CV507, 2009 WL 3633827, at *2 (D. Neb. Oct. 30, 2009), citing Schlagenhauf at 119.

Here the allegations in the plaintiffs' complaint place David's physical condition in controversy. The complaint alleges that David sustained physical injuries to several parts of his body as a result of an alleged electric shock. (Filing No. 1 at CM/ECF p. 3). The allegations in the complaint also place David's mental condition in controversy. In support of his claim for damages, the plaintiff alleges he suffered and continues to suffer loss of cognitive abilities, psychological injuries, and permanent impairment of his health as well as fear, emotional distress, and mental anguish. (Filing No. 1).

Plaintiffs' pre-conference summary states "Plaintiffs do not object to the participation in the Rule 35 examinations but rather have attempted to come to an agreement as to the scope of the examination and the deadline for when the report must be produced." (Filing No. 97 at CM/ECF p. 1). The summary further states

that "Plaintiffs have agreed to participate in Rule 35 exams so long as the reports are produced within an agreed upon period of time, such as 30 or 45 days after the examination." (Filing No. 97 at CM/ECF p. 1). Plaintiffs' counsel made similar statements during the conference. (Filing No. 98, audio file). Typically, a party requesting a Rule 35 examination must prove good cause, but Plaintiffs' focus was clearly on the examination specifics, not whether the examinations should be ordered at all. (Filing No. 116 at CM/ECF p. 4; Filing No. 98).

In response to the pending motion, Plaintiffs now argue that RSM has not shown there is good cause for the examinations. Upon review, Plaintiffs have conceded that David Jensen will participate in the requested examinations. There is no dispute that either doctor is a qualified physician to perform the examinations. Further, Plaintiffs' complaint placing David Jensen's physical and mental condition in controversy provides good cause for a Rule 35 examination by Drs. Cornett and Arias. Thus, RSM's motion to compel will be granted, subject to the details set forth below.

B. Manner, Condition and Scope of the Examinations

Rule 35 states that an order "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." During the discovery dispute conference on July 29, 2022, RSM detailed the basic logistics of the two examinations RSM requested:

- Dr. Cornett typically personally performs the examination beginning at or around 3:30 p.m. and it usually takes less than one hour for a standard physical examination.

- For Dr. Arias, Plaintiff should plan to arrive at approximately 7:45 a.m. for intake. The testing will be administered by Arias' staff and then the patient meets with Arias for an interview. The process is usually complete around 2:30 or 3:30 p.m. depending on the individual. Dr.

>Arias' offices are at the Bryan West campus. The specific tests would be determined on a case-by-case basis.

(See, Generally, Filing No. 98, audio file).

Plaintiffs argue that Rule 35 examination request should be denied where the requesting party fails to specify the time, place, manner, conditions, and scope of the examination. (Filing No. 116 at CM/ECF p. 13). In support of this assertion, Plaintiff cites Matheis v. Godinez, 2021 U.S. Dist. LEXIS 180128, *10 (S. D. Cal. Sept. 21, 2021). In Matheis, the court deferred ruling on a motion for Rule 35 examination because the parties' stipulation did not provide adequate time and date information for the anticipated exams.[1] Matheis is not analogous to the current case. Moreover, the specificity required by the Southern District of California in Matheis differs from what is routinely required in this district.[2]

The information provided by RSM during the telephone conference and supplemented in the motion to compel (Filing No. 101) is sufficient to comply with Rule 35. RSM has provided details to the extent possible because the examinations have not yet been approved by the court or scheduled by the parties. RSM has provided the basic details of who will participate, where the examinations are expected to be completed, what type of testing is expected, and how long each examination is expected to last. As discussed during the July 29, 2022 call, RSM cannot give a full listing of the tests Dr. Arias will perform because the testing is

---

[1] "However, the Court DEFERS the parties' request for the two IMEs, insofar as they have failed to identify the dates and times of either IME and to clearly specify the place of the urological IME. Without that information, the Court's Order approving the IMEs cannot meet the requirements of Rule 35(a)."

Matheis v. Godinez, 2021 U.S. Dist. LEXIS 180128, *10 (S. D. Cal. Sept. 21, 2021).

[2] This court routinely grants Rule 35 examination requests without the parties providing the specific date and time the examination would take place. To withhold permission until such information is provided would be inefficient and would make scheduling the examinations in a timely manner difficult for the parties and the medical professionals hired to conduct the examinations.

typically determined on a case-by-case basis commensurate with the doctor's review of a plaintiff's medical records.

During the call, Plaintiff opined that more specificity as to the makeup of the examination, particularly the neuropsychology examination was required under the rule. Plaintiff sought information regarding what David Jensen could expect during testing, i.e. a breakdown of a certain number of hours of written testing, interviews, etc. In response, RSM offered additional details in its motion to compel (Filing No. 101 at CM/ECF p. 3).

Plaintiffs have not offered case law to support their position that RSM's description is insufficient. The court will permit examinations by Drs. Cornett and Dr. Arias in conformity with the examination details outlined in RSM's motion to compel. (Filing No. 101 at CM/ECF p. 3-4).

### C. In-Person Examinations

In response to the motion to compel, Plaintiffs argue that should the court find good cause for a Rule 35 examination, it should take place via videoconference software of the examiner's choosing. (Filing No. 116 at CM/ECF p. 8). Plaintiffs' counsel did not previously object to the providers chosen or to David Jensen participating in either examination, in person, at the offices of Dr. Cornett and Dr. Arias.[3] There is no evidence that Plaintiffs' counsel made any request to conduct either examination by videoconference prior to the briefing on the instant motion.

Plaintiffs now object to a Rule 35 examination because David Jensen will experience hardship is required to again travel to Nebraska for this lawsuit. Plaintiff

---

[3] Plaintiffs' counsel has previously stated "I think we can agree on the time and place, but we just want to know the manner, conditions and scope of the examination." (Filing No. 98, audio file, 31:00)

was previously required to travel from Chapin, South Carolina, to Nebraska for his deposition. The inconvenience Plaintiffs will experience is not a factor in the "good cause" analysis. While the court is not unsympathetic, Plaintiffs initiated this lawsuit in Lincoln, Nebraska, and they can be expected to travel to Lincoln for business related to this lawsuit.[4] See Gibson v. Jensen, No. 8:16CV296, 2017 WL 2982952, at *3 (D. Neb. July 12, 2017). The examinations will be conducted in person, as requested by RSM.

### D. Report Disclosure

In response to the motion to compel, Plaintiffs argue that if examinations are allowed, the reports must be produced within a specific timeframe, ideally within 30 days of the examination. RSM had previously stated that the reports would be provided on or before the expert witness disclosure deadline but did not want to be bound to provide the reports within a certain number of days following the examination.

The expert witness deadline is currently set for November 15, 2022. The parties anticipate that case progression will necessarily be affected by the Rule 35 examinations and have agreed to work together to prepare a proposed amended progression schedule resetting the unexpired case progression deadlines, including the expert witness disclosure deadlines. RSM has stated that the reports will be provided to Plaintiffs upon receipt from the providers and has expressly agreed to "produce the narrative reports prepared by each expert witness no later than on or before Defendant's expert witness deadline." (Filing No. 114).

---

[4] Plaintiffs argue that a neuropsychological examination, unlike a physical examination, can be conducted by videoconference, implying Plaintiffs only object to an in-person examination by Dr. Arias, and not to the in-person examination by Dr. Cornett. If scheduling permits, the parties can make every effort to complete both examinations during the same trip from South Carolina to Nebraska to alleviate Plaintiffs' travel burden.

During the telephone conference on July 29, 2022, and in their briefing Plaintiffs' counsel expressed concern that if RSM decides not to call the Rule 35 doctors as experts, and instead classified them as consultants, then the reports would not have to be disclosed under Rule 26. Defense counsel has stated that they have every intention of disclosing the Rule 35 reports to Plaintiffs, as Plaintiffs have already requested a copy of the reports under Rule 35(b)(1). To further alleviate Plaintiffs' concerns, Defendants will be required to produce a copy of Dr. Cornett's and Dr. Arias' reports within a reasonable time after receipt.

Accordingly,

IT IS ORDERED:

1) Defendant RSM's Motion to Compel is granted. (Filing No. 101). Plaintiff, David Jensen is ordered to participate in a Rule 35 physical examination by Dr. Cornett and a neuropsychological examination by Dr. Arias.

2) The Rule 35 examinations shall be scheduled as soon as practicable. RSM shall provide Plaintiffs with copies Dr. Cornett and Dr. Arias' examination reports within ten (10) days of receipt, and before the expiration of Defendants' expert disclosure deadline.

3) Defendant RSM's Motion to Extend the progression deadlines to allow for completion of the Rule 35 examination is granted. The parties shall confer and send a list of proposed deadlines to chambers (zwart@ned.uscourts.gov) on or before October 14, 2022. If they cannot agree on proposed dates, one or both parties shall contact my chambers to schedule a telephone conference.

Dated this 23rd day of September, 2022.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge